UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILFRED MCCLENDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16-2192 |
| | ) |
| CORRECTIONAL OFFICER | ) |
| TURNGREEN, et. al., | ) |
| | ) |
| Defendants | ) |

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for merit review or the Plaintiff's complaint. The Plaintiff, a pro se prisoner, originally filed his lawsuit in the United States District Court for the Northern District of Illinois. [1] However, this Court found all of Plaintiff's allegations involved his incarceration at the Piatt County Jail. In addition, Plaintiff had failed to state a claim against Cook County Sheriff Thomas Dart based on the sheriff's decision to move Plaintiff to the Piatt County Jail. *See* June 23, 2016 Order. Therefore, the Court transferred this lawsuit to the Central District of Illinois for proper venue.

The Court is now required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted and. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff alleges his constitutional rights were violated by seven Defendants including Sheriff Dart; Officers Turngreen, Bell, Sawlaw, Donahue, and Tracy; and Piatt County

1

Sheriff Hunt. As noted by the Northern District, Plaintiff has failed to state a claim for relief against Sheriff Dart and therefore the Court will dismiss this Defendant.

Plaintiff was transferred to the Piatt County Jail on April 8, 2015 and claims Defendant Turngreen immediately began harassed him and making racially derogatory remarks. It is not entirely clear from Plaintiff's complaint, but he appears to allege Defendant Turngreen had also assaulted him prior to the incident alleged in his complaint.(Comp., p. 8). Plaintiff says he complained to Defendants Hunt, Bell, Donahue and Tracy about his fears for his safety and they promised to keep Officer Turngreen away from the Plaintiff.(Comp., p. 8). Nonetheless, Officer Turngreen came to Plaintiff's cell on April 9, 2015 to hand out medications and Plaintiff stated he would not accept the medication from this officer. Defendant Turngreen became enraged, slammed Plaintiff to the floor, and then kicked and struck Plaintiff. Plaintiff alleges Defendant Sawlaw observed the assault but took no action.

For the purposes of notice pleading, Plaintiff has adequately alleged Defendant Turnlaw used excessive force against him on April 9, 2015 and Defendant Sawlaw failed to protect him from the assault. Plaintiff has also alleged Defendants Hunt, Bell, Donahue and Tracy failed to protect him when they knew about the threat posed by Defendant Turnlaw, but took no action to protect him. *See Gil v. Wilson*, 2011 WL 3875702, at *5 (N.D. Ind. Aug. 30, 2011)("[i]f the Defendants were aware (of threats) before he was attacked but failed to take reasonable steps to avert injury to him, then giving him the benefit of the inferences to which he is entitled at the pleadings stage, he states a plausible Eighth Amendment failure to protect claim against the Defendants.")

Plaintiff next alleges Defendants Turngreen and Sawlaw placed him in a holding cell after the incident and refused to provide needed medical care. However, Plaintiff states the "fire

department" was called to treat him, but Plaintiff admits he told them "not to touch him and they left." (Comp, p. 9)  A few moments later, Plaintiff passed out, and Defendant Hunt again called the fire department who took Plaintiff to an outside hospital where he received care for an injured check and thumb.

While its possible Plaintiff may be able to allege the Defendants were deliberately indifferent to a serious medical condition, Plaintiff has not clearly stated this allegation in his complaint.  Plaintiff admits medical personnel from the fire department were called, but he refused to let them exam him.  When Plaintiff fainted, medical personnel was again called and Plaintiff was taken to the hospital.  Plaintiff does not provide any information concerning the length of any delay in providing initial medical care, and Plaintiff admits he was responsible for the second delay in providing care.

If Plaintiff also intended to allege Defendants did not provide adequate care when he returned from the hospital, he has failed to clearly articulate a claim.  For instance, who did Plaintiff ask for care or who knew he needed care, what care did he need, and when did the events take place?

Plaintiff says at an unspecified time he was transferred back to the Cook County Jail.  If Plaintiff was also attempting to allege he was denied medical care at Cook County, he has failed to state a claim.  Plaintiff must again provide at least some factual support for his claim.  More important, Plaintiff should file any claim concerning his medical care at the Cook County Jail in a separate lawsuit in the Northern District of Illinois.  There is no clear relation between the medical decisions made by individuals at the Piatt County Jail with the medical decisions made by different individuals in the Cook County Jail.

Plaintiff has also filed a motion for the appointment of pro bono counsel.[13] Although there is no right to court appointed counsel in federal civil litigation, district courts may ask attorneys to represent indigent litigants on a volunteer basis. *See* 28 U.S.C. § 1915(e)(1).

> Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), *reh'g denied* (May 16, 2014)

In deciding this issue, district courts must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).   In this case, Plaintiff has demonstrated at least some attempt to find counsel on his own.  Therefore, the Court must move on to the second inquiry involving the Plaintiff's ability to litigate his claims.

A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." *Pruitt,* 503 F.3d at 655. "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010), *quoting* Pruitt, 503 F.3d at 656.

Plaintiff says he has no legal education, but his complaint demonstrates he has some previous litigation experience. (Comp., p. 5-7).  In addition, Plaintiff's complaint provides a

4

clear factual basis for his surviving claims. Furthermore, Plaintiff's excessive force claim is not complex. Plaintiff is capable of describing what happened and the injuries he suffered. Plaintiff has already attached some relevant exhibits to his complaint. He may obtain medical records to substantiate his injuries through simple discovery requests. Once the Defendants have been served, the Court will also enter a scheduling order setting forth important information to assist a pro se litigant and requiring the parties to provide initial, relevant discovery. Therefore, based on the record before the Court, Plaintiff's motion is denied. [13]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendant Turngreen used excessive force against the Plaintiff on April 9, 2015; b) Defendant Sawlaw failed to protect Plaintiff when he failed to intervene to stop the assault; and c) Defendants Hunt, Bell, Donahue and Tracy failed to protect Plaintiff when they failed to take any steps to protect Plaintiff after he informed them of his fear of Defendant Turngreen. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)  Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**The Clerk of the Court is directed to:  1) Dismiss Defendant Dart  for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; 4) Deny Plaintiff's motion for appointment of counsel, [13]; and 5) enter the Court's standard qualified protective order pursuant to the  Health Insurance Portability and Accountability Act**

ENTERED this 3rd day of November, 2016.


s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE